[No. D055745. Fourth Dist., Div. One. May 5, 2010.]

COUNTY OF SAN DIEGO et al., Petitioners, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD et al.,
Respondents;
BARONA TRIBAL GAMING AUTHORITY, Real Party in Interest.

398

## COUNSEL

John J. Sansone, County Counsel, Carra L. Rhamy, Deputy County Counsel; and Robert B. Coffin for Petitioners.

Edmund G. Brown, Jr., Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Chris A. Knudsen and Elizabeth Vann, Deputy Attorneys General, for Respondents.

William R. Winship, Jr., for Real Party in Interest.

## OPINION

**McINTYRE, J.**—In this petition for writ of review the County of San Diego (County) and Robert Coffin (together Petitioners) challenge the assignment of Administrative Law Judge Rodolfo Echeverria (ALJ Echeverria) by the Department of Alcoholic Beverage Control (Department) to conduct the administrative hearing on their protests against a liquor license application by Barona Valley Ranch & Casino (Barona).

■ We conclude that the Department did not proceed in a manner contrary to law or in excess of its jurisdiction when it directed ALJ Echeverria, who is not a judge with the Office of Administrative Hearings, to hear and decide the protests at issue in this case because Business and Professions Code section 24210 authorized the Department to employ its own administrative law judges for the purpose of conducting all hearings under the Alcoholic Beverage Control Act. (Bus. & Prof. Code, § 23000; undesignated statutory references are to this code.) We also conclude that ALJ Echeverria properly denied Coffin's peremptory challenge, and was not required to unilaterally disqualify himself from hearing the matter.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, ALJ Echeverria issued a proposed decision that granted Barona a conditional liquor license. The Department adopted the decision as its own, and the Alcoholic Beverage Control Appeals Board (Board) affirmed the decision. We annulled the decision granting the conditional liquor license because ALJ Echeverria applied the incorrect burden of proof. (*Coffin v. Alcoholic Beverage Control Appeals Bd.* (2006) 139 Cal.App.4th 471, 473 [43 Cal.Rptr.3d 420].) On remand, the Department sent the matter back to ALJ Echeverria with instructions for him to "prepare a proposed decision for the matter, with or without additional evidentiary proceedings as he, in his exclusive discretion, deem[ed] necessary." Coffin filed a peremptory challenge seeking ALJ Echeverria's disqualification on the ground he had heard the matter prior to the annulment of the initial decision and that he "is prejudiced against the protesting parties represented by the undersigned and against the undersigned so that they cannot have a fair and impartial trial, hearing, or other proceeding with ALJ Echeverria."

ALJ Echeverria denied the peremptory challenge on the ground Coffin had failed to establish a basis for disqualification. After a hearing, ALJ Echeverria issued a proposed decision that again granted Barona a conditional liquor license. The Department adopted the proposed decision without changes. Petitioners and other protestants appealed the decision to the Board on various grounds, including whether ALJ Echeverria should have disqualified himself from rehearing the matter. Among other things, the County argued that ALJ Echeverria "was not qualified to hear the matter" because he was not "on the staff of the Office of Administrative Hearings" as required by section 24016 and Government Code section 11502.

The Board affirmed the Department's decision granting the conditional liquor license. Petitioners sought review of the Board's order on the ground the Department proceeded without or in excess of its jurisdiction and failed to proceed in a manner required by law because ALJ Echeverria improperly denied the peremptory challenge and did not have jurisdiction to decide the protests. We issued a writ of review of the Board's order.

## DISCUSSION

### I. *Jurisdiction*

#### A. *Introduction*

■ The Department has discretion to deny, suspend or revoke a liquor license for good cause if it determines that permitting a party to hold a

license would be contrary to public welfare. (Cal. Const., art. XX, § 22, subd. (d).) Our review of the Department's decision is limited to whether: (1) the Department proceeded without or in excess of its jurisdiction; (2) in a matter provided by law; (3) its decision is supported by the findings; (4) its findings are supported by substantial evidence; or (5) evidence was improperly excluded. (§ 23090.2.)

Petitioners filed a protest to Barona's proposed liquor license as allowed by division 9, chapter 6 of the Business and Professions Code. Accordingly, they reason that any proceeding on the protest was governed by section 24016 in article 3 of chapter 6, which provides for hearings conducted in accordance with Government Code section 11500 et seq., including the mandate that hearings be conducted by an administrative law judge on the staff of the Office of Administrative Hearings (Gov. Code, § 11502, subd. (a)). The Department, however, appointed ALJ Echeverria to hear the protest. ALJ Echeverria was not on the staff of the Office of Administrative Hearings; rather, he was a Department administrative law judge. Because the Department failed to appoint an administrative law judge from the Office of Administrative Hearings to hear the protest, Petitioners assert that the Department acted without or in excess of its jurisdiction or, alternatively, did not proceed in a manner required by law.

B.   *Statutory Construction*

■   "Statutory construction is a question of law we decide de novo. [Citation.] Our primary objective in interpreting a statute is to determine and give effect to the underlying legislative intent. [Citation.] Intent is determined foremost by the plain meaning of the statutory language. If the language is clear and unambiguous, there is no need for judicial construction. When the language is reasonably susceptible of more than one meaning, it is proper to examine a variety of extrinsic aids in an effort to discern the intended meaning. We may consider, for example, the statutory scheme, the apparent purposes underlying the statute and the presence (or absence) of instructive legislative history. [Citation.]" (*City of Brentwood v. Central Valley Regional Water Quality Control Bd.* (2004) 123 Cal.App.4th 714, 722 [20 Cal.Rptr.3d 322].)

C.   *The Statutes*

■   Government Code section 11500 et seq. are part of California's Administrative Procedure Act (APA) (Gov. Code, § 11370 et seq.). Government Code section 11502 generally provides that "[a]ll hearings of state agencies required to be conducted under this chapter shall be conducted by administrative law judges on the staff of the Office of Administrative

Hearings." (Gov. Code, § 11502, subd. (a).) Nonetheless, the Government Code makes clear that "[t]his chapter applies to any agency as determined by the statutes relating to that agency." (Gov. Code, § 11501, subd. (a).) ■ Thus, the general provision under the APA that a hearing must be conducted by an administrative law judge on the staff of the Office of Administrative Hearings can be trumped by the specific provisions governing a particular state agency.

■ Division 9 of the Business and Professions Code is known as the "Alcoholic Beverage Control Act." (§ 23000.) The Alcoholic Beverage Control Act includes several chapters, including chapters 6 and 7, entitled "Issuance and Transfer of Licenses" and "Suspension and Revocation of Licenses," respectively. Chapter 7 contains section 24210. This statute provides that "[t]he department may delegate the power to hear and decide *to an administrative law judge appointed by the director.* Any hearing before an administrative law judge shall be pursuant to the procedures, rules, and limitations prescribed in" Government Code section 11500 et seq. (§ 24210, subd. (a), italics added.) In 1995, the Legislature added the italicized language allowing the Department to appoint its own administrative law judges. (Stats. 1994, ch. 627, § 6, p. 3042; *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 880, 885 [121 Cal.Rptr.2d 729].) The Legislature simultaneously amended section 11501 of the Government Code, which specifies those agencies subject to the entirety of the APA, to delete its reference to the Department. (Stats. 1994, ch. 627, § 8, p. 3042.)

■ Chapter 6 of the Alcoholic Beverage Control Act does *not* contain a similar statute delegating power to hear and decide; however, article 3 entitled "Denial of Licenses," contains two statutes requiring that the Department hold hearings as provided by Government Code section 11500 et seq. The first statute allows such a hearing where a protestant whose protest had been rejected by the Department files an accusation alleging the grounds of the protest as cause for revocation of the license. (§ 24013, subd. (b).) The second statute simply states that "[t]he proceedings under this article shall be conducted in accordance with [Government Code section 11500 et seq.] and the department has all the powers granted therein." (§ 24016.)

D. *Analysis*

As a threshold matter, the Department argues that Petitioners waived the opportunity to challenge the appointment of a Department administrative law judge to hear their protest because the alleged error was not jurisdictional and they acquiesced in the alleged error by not timely raising it when ALJ Echeverria was first appointed to hear their protest in 2002. We shall assume,

without deciding, that the petition raised a jurisdictional issue that has not been waived by Petitioners' failure to raise it upon ALJ Echeverria's initial appointment in 2002.

Turning to the merits, Petitioners argue that section 24210, which gives the Department the authority to appoint its own administrative law judges, does not apply to a hearing on a protest to the issuance of a license during the application process because section 24210 is part of chapter 7, addressing license suspension and revocation. They point out that when the Legislature amended section 24210, it did not amend section 24016 (under ch. 6), which provides that denial of license proceedings must follow the formal hearing procedures set forth in Government Code section 11500 et seq. They argue that by failing to amend section 24016 the Legislature intended to create a system where administrative law judges for licensing and protest matters (under ch. 6) need to be from the Office of Administrative Hearings, but that administrative law judges for license suspension and revocation matters (under ch. 7) could be appointed by the Department.

■ We are not persuaded by this argument because it hinges on the *placement* of section 24210 in chapter 7, entitled "Suspension and Revocation of Licenses," rather than chapter 6, entitled "Issuance and Transfer of Licenses." It is a well-established principle that " '[t]itle or chapter headings are unofficial and do not alter the explicit scope, meaning, or intent of a statute.' [Citation.]" (*Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1119 [29 Cal.Rptr.3d 262, 112 P.3d 647].) The Business and Professions Code contains an express codification of this principle. (§ 9 ["Division, part, chapter, article and section headings contained herein shall not be deemed to govern, limit, modify, or in any manner affect the scope, meaning, or intent of the provisions of this code."].)

■ When the chapter headings are disregarded, we are left with the un-ambiguous language of section 24210: "The department may delegate the power to hear and decide to an administrative law judge appointed by the director," and the hearing is subject to Government Code section 11500 et seq. (§ 24210, subd. (a); *City of Berkeley v. Cukierman* (1993) 14 Cal.App.4th 1331, 1340 [18 Cal.Rptr.2d 478] [When interpreting a statute, "chapter and section headings cannot be resorted to for the purpose of creating ambiguity when none exists."].) The plain language of the statute does not limit its application to administrative hearings pertaining to the suspension and revo-cation of licenses. Rather, the broad language of section 24210 establishes the intent to authorize the Department to employ its own administrative law judges for the purpose of conducting all hearings under the Alcoholic Beverage Control Act.

This interpretation comports with the practices of the Department. Since 1995, the Department has used administrative law judges appointed by it to conduct all its hearings without distinction as to whether they are under chapter 6 or 7 of the Alcoholic Beverage Control Act.

Because the language of the statute is clear, there is no need for us to examine its legislative history. Nonetheless, because Petitioners rely on the 1995 amendment to section 24210 to support their argument, we reviewed the legislative history and find it does not buttress their position.

Interestingly, Petitioners and the Department both cite the Legislative Counsel's Digest to support their respective interpretations of the 1995 amendment:

"Under existing law, the Department . . . may delegate the power to hear and decide with regard to suspension and revocation of licenses to an administrative law judge on the staff of the Office of Administrative Hearings, as provided.

"This bill would authorize the department, on and after July 1, 1995, to delegate the power to hear and decide to an administrative law judge appointed by the Director of Alcoholic Beverage Control." (Legis. Counsel's Dig., Assem. Bill No. 463 (1993–1994 Reg. Sess.) 5 Stats. 1994, Summary Dig., p. 235.)

When viewed in isolation, this particular excerpt arguably supports Petitioners' argument that the Legislature intended to change the hearing procedure only as to suspension and revocation hearings. However, the balance of the legislative history does not support the Petitioners' contention that the Legislature intended to have license suspension or revocation matters heard by a Department administrative law judge, but protest matters heard by an administrative law judge from the Office of Administrative Hearings.

Significantly, the Legislature amended section 24210 to allow the Department to appoint its own administrative law judges, and *concurrently* amended Government Code section 11501 to delete its reference to the Department as an agency subject to the entirety of the APA. (Stats. 1994, ch. 627, § 6, p. 3042; Legis. Counsel, Rep. on Assem. Bill No. 463 (1993–1994 Reg. Sess.) Sept. 20, 1994, p. 2.) The enrolled bill report prepared by California's Business, Transportation and Housing Agency for the legislation stated that it allows "the Director of the Department of Alcoholic Beverage Control [to] appoint the Administrative Law Judges who preside at hearings before the Department in a fashion similar to many other Departments (PUC, DSS, FEHA, etc.)." (Business, Transportation and Housing Agency, Enrolled Bill

Rep. on Assem. Bill No. 463 (1993–1994 Reg. Sess.) Aug. 23, 1994, p. 2; see, e.g., Pub. Util. Code, § 309 [PUC (Public Utilities Commission)]; Welf. & Inst. Code, § 10953.5, subd. (a) [DSS (State Department of Social Services)]; Gov. Code, § 12930, subd. (c) [DFEH (Department of Fair Employment and Housing)].) Thus, these amendments made the Department one of those state agencies authorized by law to appoint its own administrative law judges.

The general intent of the legislation is cited throughout the legislative history in varying terms as "authoriz[ing] the [Department] to have its own administrative law judge to be appointed by the director." (Cal. Dept. of Finance, Enrolled Bill Rep. on Assem. Bill No. 463 (1993–1994 Reg. Sess.) as amended Aug. 23, 1994, p. 2; see also Sen. Com. on Governmental Organization, Analysis of Assem. Bill No. 463 (1993–1994 Reg. Sess.) as amended June 30, 1994, p. 2 ["Authorizes the [Department], commencing July 1, 1995, to have its own administrative law judges appointed by the director, as specified, rather than those from the Office of Administrative [Hearings]."].) This language does not support Petitioners' assertion that the Legislature intended to create a bifurcated system whereby protest matters would be heard by an administrative law judge from the Office of Administrative Hearings, but license suspension and revocation matters could be heard by a Department administrative law judge. Moreover, we can discern no logical basis for such a bifurcated system. Regardless of the entity employing the administrative law judge, the Department retains the power to modify the proposed decision submitted by the administrative law judge, "reject it and remand for a new hearing, or reject it and decide the case on the record." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2006) 40 Cal.4th 1, 6 [50 Cal.Rptr.3d 585, 145 P.3d 462], citing Gov. Code, § 11517, subd. (c)(2).)

Next, Petitioners note that when the Legislature amended section 24210 in 1995 to authorize the Department to delegate the power to hear and decide to an administrative law judge appointed by the Director of Alcoholic Beverage Control (Stats. 1994, ch. 627, § 6, p. 3042), it did not simultaneously amend section 24016 pertaining to protest hearings. They suggest this illustrates the Legislature's intent to treat hearings on protest matters differently from hearings on license suspension and revocation matters. We reject this suggestion because section 24016 does not address the delegation of power to hear and decide; rather, it addresses how proceedings on the denial of licenses are to be conducted. Additionally, there was no need to amend section 24016 because amended section 24210 generally applies to the delegation of power to hear and decide all hearings before the Department.

Accordingly, the Department did not proceed in a manner contrary to law or in excess of its jurisdiction when it directed ALJ Echeverria, who is not a

judge with the Office of Administrative Hearings, to hear and decide the protests at issue in this case.

## II.  *No Grounds for Disqualification Existed*

Petitioners assert that ALJ Echeverria should have voluntarily disqualified himself from rehearing the matter. They note that under subdivision (a)(2) of Code of Civil Procedure section 170.6, a party can challenge a judge assigned to conduct the new trial of a case in which his or her decision was reversed on appeal. Petitioners contend this concept of presumed bias is equally applicable to an administrative law judge, such as ALJ Echeverria, assigned to rehear a matter after his opinion was reversed on appeal. We disagree.

██  Petitioners cite no legal authority for their peremptory challenge of ALJ Echeverria. They concede that Code of Civil Procedure section 170.6, applies only to superior court judges, and court commissioners and referees. (Code Civ. Proc., § 170.6, subd. (a)(1).) Petitioners also acknowledge that Government Code section 11512, part of the APA, governs the disqualification of an administrative law judge. Subdivision (c) of that statute provides that "[a]n administrative law judge or agency member shall voluntarily disqualify himself or herself and withdraw from any case in which there are grounds for disqualification, including disqualification under [Government Code] Section 11425.40." (Gov. Code, § 11512, subd. (c).)

Government Code section 11425.40 is part of the administrative adjudication bill of rights that governs the procedure by which an agency conducts an adjudicative proceeding under the APA. (Gov. Code, § 11400, subd. (a).) Under the administrative adjudication bill of rights, an administrative law judge must voluntarily disqualify himself or herself and withdraw from any case in which there are grounds for disqualification, including bias, prejudice, or interest in the proceeding. (Gov. Code, § 11425.10, subd. (a)(5), referring to Gov. Code, § 11425.40.) However, the APA provides that it is not alone or in itself grounds for disqualification, without further evidence of bias, prejudice, or interest, that the administrative law judge "has in any capacity expressed a view on, a legal, factual, or policy issue presented in the proceeding." (Gov. Code, § 11425.40, subd. (b)(2).)

Thus, to subject ALJ Echeverria to disqualification under Government Code section 11425.40, Petitioners were required to present evidence that ALJ Echeverria was biased, prejudiced or had an interest in the proceeding. They presented no such evidence. Standing alone, ALJ Echeverria's prior ruling on the matter did not require his disqualification from the second protest hearing.

## DISPOSITION

The decision of the Board is affirmed. The parties shall bear their own costs.

Nares, Acting P. J., and McDonald, J., concurred.